IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:14-CV-00104-RLV
(5:97-CR-00001-RLV-1)

| | |
|---|---|
| SEAN LAMONT DUDLEY, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>) | **ORDER** |

**THIS MATTER** is before the Court on an initial review of Petitioner's "Motion to Correct Record" which this Court finds is properly construed as a § 2255 motion to vacate, set aside or correct sentence, pursuant to provisions of 28 U.S.C. § 2255. For the reasons that follow, the § 2255 motion will be dismissed as successive.

## I. BACKGROUND

Petitioner was convicted in his district on one count of conspiracy with intent to distribute cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), and one count of aiding and abetting the possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Petitioner was sentenced to a term of 360-months' imprisonment and he is presently serving this sentence. Since Petitioner's judgment became final on direct review, he has filed numerous § 2255 motions to vacate that this Court has either dismissed on the merits or dismissed as an unauthorized § 2255 motion pursuant to 28 U.S.C. § 2255(h). See e.g., (5:99-CV-00152; 5:13-CV-00132; 5:13-CV-00161; 5:14-CV-00043).

In the present motion, Petitioner contends that he is entitled to collateral relief based on

1

the Fourth Circuit's en banc opinion in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011).

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner may be entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

The Court finds that Petitioner is not entitled to continue with this collateral proceeding because he has provided no evidence that he has obtained the necessary authorization from the Fourth Circuit to file the present, successive § 2255 motion. The Court is therefore without jurisdiction to consider the merits, if any, of the present motion. See In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003).

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 motion to vacate is **DISMISSED** without prejudice as successive. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (stating that in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is respectfully directed to close this civil case.

**IT IS SO ORDERED.**

Signed: June 25, 2014

*[Signature]*

Richard L. Voorhees
United States District Judge